UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE:                                                    Chapter 7 (Involuntary)

Forest Capital, LLC                                       Case No.16-13850

    Debtor.
_____/

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
LEITESS FRIEDBERG PC AS ATTORNEYS FOR DEBTOR**

Forest Capital, LLC, debtor in the above-captioned case (the "Debtor"), files this Application for Authority to Employ Leitess Friedberg PC ("LF") as Attorneys for Debtor (the "Application"), and in support thereof states:

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought with this Motion is based upon Sections 327(a), 328 and 330 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

**THE CHAPTER 11 CASE**

3. On March 24, 2016 (the "Petition Date"), the Petitioning Creditors filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.

4. On March 30, 2016, the Petitioning Creditors filed an amended involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.

5. The Petitioning Creditors are Mikal Ltd., Zvika & Shir Kreizman, Joseph Levy, Holdings, Advocates Co. and Dina Mass, Adv.

6. On May 3, 2016 Debtor filed its consent to the entry of the order for relief and a motion to convert the case to a voluntary case under chapter 11 of the Bankruptcy Code (the "Motion to Convert").

7. The Motion to Convert remains pending with the Court.

8. The Debtor intends to continue in the possession of its property and the management of their businesses as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

9. No creditors committee has yet been appointed in this case by the United States Trustee.

## THE NEED FOR LEGAL SERVICES

10. The Debtor requires the assistance of counsel in order to pursue a successful sale and subsequent reorganization of its debts (after conversion to Chapter 11) and to assist the Debtor with the performance of its duties as debtor herein.

## THE EMPLOYMENT OF LF AS COUNSEL TO THE DEBTOR

11. The Debtor has selected Leitess Friedberg PC ("LF") to represent it in this case because LF has considerable experience in insolvency and bankruptcy matters, including Chapter 7 and 11 cases, both large and small. The Debtor has also selected LF because the Debtor believes that LF is well qualified to represent the Debtor as a debtor in bankruptcy. The Debtor submits that the retention of LF under the terms described herein is appropriate under Sections 327 and 328 of the Bankruptcy Code.

## THE SERVICES TO BE RENDERED

12. The Debtor has retained LF to assist it with, among other things, the preparation of documents and pleadings related to these bankruptcy proceedings and, subject to approval

from this Court, with the prosecution of this bankruptcy case. The services to be provided by LF will be coordinated with those to be provided by proposed special counsel Ruskin Moscou Faltischek, P.C. ("<u>RMF</u>") in order to avoid unnecessary duplication of effort.

13. The professional services that the Debtor may request LF to render include:

a. providing the Debtor legal advice with respect to its powers and duties as a debtor (and debtor-in-possession after conversion to Chapter 11) and in the operation of its business and management of its property;

b. preparing any necessary applications, answers, orders, reports and other legal papers, and appearing on the Debtor's behalf in proceedings instituted by or against the Debtor;

c. assisting the Debtor in the preparation of a plan and a disclosure statement (after conversion to Chapter 11);

d. representing the Debtor in litigation any and all contested matters and adversary proceedings in this case;

e. representing the Debtor in connection with any sale of the Debtor's assets pursuant to Section 363 of the Bankruptcy Code and any other transactional matters that may arise in connection with this case; and

f. performing all of the legal services for the Debtor which may be necessary or desirable herein.

## **THE STANDARDS FOR APPROVING EMPLOYMENT**

14. Section 327(a) empowers the trustee, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11

U.S.C. § 327(a).  LF satisfies these standards, as set forth below.

## CONNECTIONS WITH PARTIES IN INTEREST

15. To the best of the Debtor's knowledge, LF has no connection with the Debtor, its creditors or any other party-in-interest in this case, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described in the Verified Statement of Attorneys to be Employed by Debtor which is filed herewith.

## NO ADVERSE INTEREST

16. The Debtor submits that LF represents no interest adverse to the Debtor or to the Debtor's estate in the matters upon which LF is to be engaged for the Debtor.

## DISINTERESTED PERSON

17. The Debtor further submits that LF is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

## COMPENSATION

18. Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). The Debtor paid LF a $40,000 gap-period retainer because of the legal services required, the cost of which cannot be estimated.

19. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any rules or other procedures that may be fixed by this Court, the Debtor requests that LF be compensated, on an hourly basis, for professional services rendered, plus reimbursement of actual and necessary expenses incurred by LF.

**PROPOSED COMPENSATION PROCEDURE**

20. Debtor requests that LF be authorized to obtain payment of its accruing fees and costs from Debtor's Estate on a monthly basis. Specifically, LF will serve a monthly fee statement upon the United States Trustee and on parties that have requested special notice. If no written objection is filed with respect to LF's monthly fee statement within ten days after service thereof, LF will submit the statement to Debtor for payment. Debtor will pay each such statement within 20 days after submission to Debtor. However, if a written objection to LF's monthly statement is filed, then LF will not be paid the disputed amount until the objection has been resolved.

21. Debtor and LF understand and agree that Debtor will pay LF 80% of requested fees on an interim basis and 100% of requested costs.

22. Debtor understands that LF will apply quarterly to have its fees approved by the Court. Debtor further understands that all amounts paid by the Estate are subject to disgorgement until final approval by the Court.

**BEST INTERESTS OF THE ESTATE**

23. As set forth above, LF satisfies all the requirements for employment as attorneys for the Debtor under Section 327(a) of the Bankruptcy Code.

24. The employment of LF as attorneys for the Debtor is in the best interests of the Debtor's estate and is appropriate under Sections 327 and 328 of the Bankruptcy Code.

**PRAYER FOR RELIEF**

WHEREFORE, the Debtor respectfully requests that it be authorized to employ LF to represent the Debtor in this case and that the Debtor be granted such other and further relief as is just and proper.

**FOREST CAPITAL, LLC**

By: /s/ *John Fox*
Print Name: John Fox
Title: President

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of May, 2016, a copy of the foregoing was served in the manner indicated, and to the parties identified, in the *Omnibus Certificate of Service*, filed contemporaneously with the foregoing. In order to expedite the copying and transmittal of papers filed to parties-in-interest, a copy of the *Omnibus Certificate of Service* has not been transmitted with the foregoing. Any party seeking a copy of the *Omnibus Certificate of Service* may contact the undersigned or may review the *Omnibus Certificate of Service* via PACER.

/s/ *Jeremy S. Friedberg*
Jeremy S. Friedberg

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE:                                                                    Chapter 7

Forest Capital, LLC                                             Case No.16-13850

      Debtor.
_____/

**<u>VERIFIED STATEMENT OF ATTORNEYS TO BE EMPLOYED BY DEBTOR</u>**

      Jeremy S. Friedberg and Leitess Friedberg PC., as the proposed attorneys of Forest Capital, LLC, the debtor herein (the "<u>Debtor</u>"), pursuant to Federal Rules of Bankruptcy Procedure 2014(a), respectfully represent:

      1.      I am a stockholder of Leitess Friedberg PC ("<u>LF</u>"), 10451 Mill Run Circle, Suite 1000, Baltimore, Maryland 21117, and have been duly admitted to practice law in the State of Maryland. This Statement is submitted in support of the *Application for Authority to Employ Leitess Friedberg PC as Attorneys for the Debtor* (the "<u>Application</u>").

      2.      Neither I, LF, nor any stockholder, counsel or associate thereof, insofar as I have been able to ascertain to a reasonable degree of certainty, has any interest adverse to the Debtor.

      3.      LF is a "disinterested person" as that term is defined in Section 101(14) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>") in that LF, its stockholders, counsel and associates:

      (a)      Are not creditors, equity security holders or insiders of the Debtor;

      (b)      Are not and were not within two (2) years before the date of filing of the Debtor's petition, a director, officer or employee of the Debtor; and;

(c) Do not have an interest materially adverse to the interest of the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

4. LF has no connection with the Debtor or its creditors, any other party-in-interest in the Debtor's bankruptcy case, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as described as follows:

(a) Pre-petition, LF served as local counsel to Debtor, together with RMF as lead counsel, in the following cases within the last year:

i. litigation brought against PP&G's principal, David Pearsall with respect to Mr. Pearsall's Validity Guaranty, pending in the United States District Court for the District of Maryland, Case No. 14-cv-01670 –JFM; and

ii. litigation brought against BlackRock, Inc. with respect to BlackRock's failure to comply with notification made under §§ 9-406 and 9-607 of the Maryland Uniform Commercial Code, pending in the United States District Court for the District of Maryland, Case No. 14-cv-01530 –JFM, presently on appeal to the Fourth Circuit Case No. 15-1551, which appeal is scheduled to be argued on May 11, 2016.

(b) Debtor does not owe LF any unpaid fees or expenses in connection with the representation mentioned in the foregoing subparagraphs i or ii.

(c) Aryeh Stein, Esq., counsel for the Petitioning Creditors, worked as an attorney at LF (then known as Leitess, Leitess & Friedberg) from approximately 1996 until 2002.

5. LF will not be representing any creditors in any matter in the Debtor's bankruptcy proceedings. Moreover, any matters in the Debtor's case that are directly adverse to

any client of LF will be handled by other counsel for the Debtor, not LF. Again, no such other client-creditors have been identified to date.

6.      As with any bankruptcy case, it is difficult to say with certainty that all material relationships have been discovered at the inception of the case. This is particularly true here, where the Debtor's case was commenced without notice to the Debtor. Accordingly, LF will periodically update its conflicts database and if any new material relationships are discovered, they will be disclosed in a supplemental filing with the Court.

7.      LF has advised the Debtor that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtor are:

| Professional | Rate Per Hour |
| --- | --- |
| Jeremy S. Friedberg | $495 |
| Pierce C. Murphy | $245 |

Other attorneys and paralegals will render services to the Debtor as needed.  Generally, LF's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
| --- | --- |
| Partners and Of Counsel | $495 |
| Associates | $245 |
| Paralegals | $150 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Appropriate supplementation of the requisite disclosure will be presented at that time.

8.      The hourly rates set forth above are LF's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate LF for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is LF's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their

cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by LF to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. LF will charge for these expenses in a manner and at rates consistent with charges made generally to LF's other clients. LF believes that it is more fair to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

9. LF, together other professionals that may be employed by the Debtor in this bankruptcy case, and under the direction of the Debtor's management, will seek to provide professional services in the most efficient way possible and with a minimum of duplication.

10. No promises have been received by LF nor by any stockholder, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. LF has no agreement with any other entity to share with such entity any compensation received by LF in connection with this bankruptcy case.

I, Jeremy S. Friedberg, one of the stockholders of Leitess Friedberg PC, declare under penalty of perjury that the forgoing is true and correct.

Dated: May 3, 2016

**LEITESS FRIEDBERG PC**

By: /s/ *Jeremy S. Friedberg*
Jeremy S. Friedberg, Esq. (Bar No. 10638)